IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

SHANIKA MANNERS )
 )
       Plaintiff, )
 ) CIVIL NO. 2005-0060
       v. )
 )
BANCO POPULAR DE PUERTO RICO )
 )
       Defendant. )
_____ )

## **MEMORANDUM OPINION**

FINCH, J.

THIS MATTER comes before the Court on a Motion to Remand filed by Plaintiff Shanika Manners. Defendant Banco Popular De Puerto Rico (hereinafter "BPPR") opposes such motion.

### I. PROCEDURAL BACKGROUND

Plaintiff filed this action against BPPR alleging a violation of the Virgin Islands Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76, and breach of the duty of good faith and fair dealing. Plaintiff was hired by BPPR as a full time employee in May 1999 and worked as a customer service representative until she was terminated on February 25, 2003. Complaint ¶ 4. Plaintiff alleges that Defendant closed Plaintiff's checking account, canceled her credit card without notice and refused to pay her any severance pay, causing her to default on a $19,000 loan she had with Defendant. Complaint ¶ 10. Plaintiff did not demand a specific amount of damages.

1

Plaintiff filed the Complaint in this matter in the Superior Court of the Virgin Islands on February 24, 2005.  On April 4, 2005, Defendant removed this matter from the Superior Court to this Court pursuant to 28 U.S.C. §§ 1441, 1446.  On April 25, 2005, Defendant filed a Motion to Stay Proceedings Pending Arbitration, which was granted by this Court on August 22, 2005.  On or about November 19, 2006,  Plaintiff filed the Motion to Remand to Superior Court, arguing that Defendant has not shown that the amount in controversy is in excess of $75,000 to satisfy subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff contends that the only monetary amount referred to in the complaint was Defendant's intentional default of a $19,000 loan owed by Plaintiff.

## II.  STANDARD OF REVIEW

An action removed to federal court may be remanded to state or territorial court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  "The propriety of removal depends on whether the case originally could have been filed in federal court."  Merit Care Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).  "In examining the amount in controversy, the Court must focus only on plaintiff's claims and whether or not plaintiff could conceivably prevail at the time the complaint was filed."  Westport Ins. Corp. v. Law Offices of Marvin Lundy, 2004 U.S. Dist. LEXIS 4839 at *8-10 (E.D. Pa. March 19, 2004).  If there are any factual disputes as to the court's jurisdiction, the proponent has the burden of establishing the necessary facts by a preponderance of the evidence. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 397-98 (3d Cir. 2004).

Only where it appears to a legal certainty that the claim is for less than the jurisdictional amount will the court remand the action to state court. St. Paul Mercury Indem. Co. v. Red Cab

Co., 303 U.S. 283, 288-89 (1938). When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer v. Snap-On Tools Corp, 913 F.2d 108, 111 (3d Cir. 1990); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993) ("person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation"); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) ("party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists").

For this Court to have jurisdiction over this matter, complete diversity of citizenship and an amount in controversy in excess of $75,000.00 are required under 28 U.S.C. § 1332. Generally, the amount in controversy is to be determined from the complaint and is measured "by a reasonable reading of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 145-146 (3d Cir. 1993). Where the complaint does not set forth the amount of damages, the court may examine the petition for removal as well as independently appraise the monetary value of the claim. Id. at 145 (citing Corwin Jeep Sales v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986)); Horak v. Color Metal of Zurich Switzerland, 285 F. Supp. 603, 605 (D.N.J. 1968). Courts rely on the nature of the case, the relief sought and the facts known to it at the time of the filing of the complaint in determining whether the amount in controversy meets the statutory requirement. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961) (In diversity cases courts must look to state law to determine the nature and extent of the right to be enforced).

### III. DISCUSSION

In her motion to remand, Plaintiff contends that neither the complaint filed in the Superior Court nor Defendant's notice of removal established that her claims meet the required

amount of $75,000.  However, Defendant has a right to resort to a federal forum if it can establish that the jurisdictional requirements have been satisfied. See, e.g., Red Cab Co., 303 U.S. at 294.

In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state or territorial court. Samuel-Bassett, 357 F.3d at 397-98.  Unlike many instances in which a specific amount is requested, Plaintiff's complaint seeks relief in terms of categories of damages.  "Because the diversity statute speaks in terms of dollars, we must translate the categories plaintiff cites into monetary sums." Id. at 398-99.

Count I of the complaint alleges that Defendant violated the Virgin Islands WDA.  At the time of filing her Complaint on February 24, 2005, Plaintiff had been separated from her employment with BPPR for two years.  According to Defendant, the accrual of back wages that Plaintiff could potentially recover at that time totaled approximately $40,000.00.  Plaintiff also sues for punitive damages.  In addition to compensatory damages, the WDA statute allows recovery for punitive damages and plaintiff's reasonable attorney's fees and costs of the action. 24 V.I.C. § 79; see also Missouri State Life Insurance Co. v. Jones, 290 U.S. 199, 202 (1933) (attorney's fees may be counted toward amount in controversy when prevailing party may collect them as part of damages).  The Restatement (Second) of Torts § 908(1) observes that "whether to award punitive damages and the determination of the amount are within the sound discretion of the trier of fact."

Unlike other remedies, there is no mathematical formula for calculating punitive damage awards.  Rather, such "awards are the product of numerous, and sometimes intangible, factors; a jury imposing a punitive damages award must make a qualitative assessment based on a host of facts and circumstances unique to the particular case before it." TXO Prod. Corp. v. Alliance

Resources Corp., 509 U.S. 443, 457 (1993) (noting impracticability of requiring comparisons of punitive damage awards in related cases); see also Dunn v. HOVIC, 1 F.3d 1371, 1382 (3d Cir. 1993) (acknowledging that procedure for calculating punitive damages applied in Virgin Islands leaves significant discretion in jury and does not "mandate a set of criteria a jury must consider when calculating punitive damages"); Bevans v. Triumpho, 17 V.I. 144 (Terr. Ct. 1980) (where an award of punitive damages may be high, it should stand if there is ample evidence to support it).

An award for punitive damages equal to twice the compensatory damages is not uncommon or irrational. See Perez v. Weigers, 25 V.I. 379, 383 (D.V.I. 1990) (plaintiff awarded $1,000 in punitive damages in addition to compensatory damages of $500 for his personal injury claim). Therefore, Plaintiff's potential recovery for punitive damages, aside from reasonable attorney's fees and costs, increases the amount in controversy over $75,000.00 when added to the potential compensatory damages of $40,000.00. As such, Plaintiff's claim under the WDA satisfies the amount in controversy requirement under 28 U.S.C. § 1332. The Court cannot say, with legal certainty, that the amount in controversy is less than $75,000.00. See Red Cab Co., 303 U.S. at 288-89; Callaway v. BASF Corporation, 810 F.Supp. 191, 193 (D. Tex. 1993).

Plaintiff in this case has explicitly declined to stipulate that the amount in controversy is less than the jurisdictional limit. In Bailey v. Digital Equipment Corp., 1996 U.S. Dist. LEXIS 7618 at *4-5 (D.N.J. 1996), the defendant requested that the plaintiff stipulate that her damages were either greater than or less than the jurisdictional amount to rebut plaintiff's allegations that the removal notice did not establish the requisite amount in controversy. However, the plaintiff failed to come forward with this information. Id. Given the plaintiff's personal injury claim, her claim for punitive damages, and her refusal to stipulate to the amount in controversy, the Bailey

court would not remand the action.  Id. at *15; see also Bonnel v. Seaboard Air Line R. Co., 202 F.Supp. 53, 55 (D. Fla. 1962) (defendant requested that plaintiff admit that amount in controversy exceeded jurisdictional amount and failure of plaintiff to deny request was admission that amount in controversy exceeded jurisdictional requirement); Callaway, 810 F.Supp. at 193 (case not remanded when plaintiff declined to stipulate as to amount in controversy and court's evaluation of totality of circumstances indicated it exceeded requisite jurisdictional amount).

This Court has jurisdiction if the amount in controversy is more than $75,000.00 and Plaintiff cannot avoid removal by refusing to state whether she is seeking more or less than $75,000.00.  Given the totality of the circumstances, including the Court's calculations, Defendants' assertion that the amount in controversy exceeds $75,000.00, and Plaintiff's refusal to make any statement concerning the amount of her claim, the Court concludes that the amount in controversy requirement is satisfied and declines to remand the case.

**ENTERED this 19 day of December, 2007.**

                                                       /s/
                                     **HONORABLE RAYMOND L. FINCH**
                                     **U.S. DISTRICT JUDGE**