# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| SHANIKA MANNERS, | ) |
| Plaintiff, | ) CIV. NO.: 3:05-cv-60 |
| v. | ) |
| | ) Action for Damages |
| BANCO POPULAR DE PUERTO RICO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider Order Denying Motion to Reopen Case.

This matter was dismissed for failure to prosecute on February 14, 2008. On February 15, 2010, Plaintiff moved to reopen the case on the grounds that the Court lacked diversity jurisdiction, presenting the same arguments that this Court found to be without merit when it denied Plaintiff's motion to remand the case to Superior Court in a Memorandum Opinion dated December 19, 2007. The Court subsequently issued an Order on February 19, 2010 denying the Motion to Reopen the case.[1]

---

[1] At that time, the Court also noted that the Plaintiff did not cite a legal rule upon which its motion was premised, but the Court held that

> Inasmuch as Plaintiff's Motion could be construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), the Court finds the Motion untimely as applied to subsections (b)(1)-b(3), and that relief pursuant to subsections (b)(4)-(b)(6) is unwarranted.

Order dated February 19, 2010, Civ. No. 05-cv-60.

Now Plaintiff comes before the Court and asks the Court to reconsider its Order denying the Motion to Reopen pursuant to Fed. R. Civ. P. 60 (b)(4), (5) and (6). At the outset, the Court notes that motions for reconsideration are governed by Local Rule of Civil Procedure 7.3. However, since Plaintiff specifically cites Rule 60 and is essentially seeking relief from the dismissal of the case rather than simply the denial of her motion to reopen, the Court will consider Plaintiff's motion pursuant to Rule 60(b). *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988) (citations omitted) ("the function of the motion, not the caption, dictates which rule applies").[2]

I.  **Background**

On February 14, 2008, the Court dismissed the above-captioned action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Dismissal Order"). Prior to that Dismissal Order, the following procedural events occurred.

The Defendant filed a notice of removal and a Motion to Stay Proceedings on April 4, 2005. Plaintiff failed to respond to the Motion to Stay and the Court granted the Defendant's Motion to Stay on August 23, 2005. On November 21, 2006, more than a year after the case was removed to federal court, Plaintiff filed a demand for remand to Superior Court. The Defendant

---

[2] In general, it is hard to discern the legal rules relied upon by the Plaintiff in this Motion, as she makes reference to three separate rules: Fed. R. Civ. P. 60(b) and 59(e) as well as LRCi. 7.3. In Plaintiff's Motion she states that she "requests FRCP Rule 60(b)(4)(5) and (6))" but "requests this court *reconsider* the order dismissing the action." (Pl. Mot. to Reconsider 1) (emphasis added). Plaintiff then proceeds to set forth the grounds justifying reconsideration. (Pl. Mem. of Law in Support of Mot. to Reconsider 2.) Elsewhere, Plaintiff refers to Rule 59(e) and states that "in the interest of justice the final order entered in this case must be altered." (Pl. Reply 1.) However, the Court concludes that only Rule 60(b) is applicable. First, Plaintiff does not present arguments addressed towards the Order Denying the Motion to Reopen, but rather addresses arguments against dismissal of the case; thus the Court concludes that Plaintiff seeks relief from the order of dismissal rather than the denial of the motion to reopen. If the Plaintiff is asking the Court to reconsider the order of dismissal than that motion is untimely because a motion for reconsideration must be filed within ten days after the entry of the order or decision unless the time is extended by the Court for good cause. LRCi. 7.3. Second, any motion to alter or amend the judgment must be brought no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Since the judgment dismissing the case was entered on February 14, 2008 and the relief sought on February 25, 2010, a motion to alter or amend judgment is untimely.

filed a Motion to dismiss on December 8, 2006. Plaintiff's demand for a remand to Superior Court was denied on December 21, 2007, at which time the Court found that the jurisdictional amount required by diversity jurisdiction was satisfied. On December 21, 2007, the Court also ordered Plaintiff to respond to Defendant's Motion to Dismiss within twenty days or the Court would deem the Defendant's Motion to Dismiss conceded. The Plaintiff did not respond to the Defendant's Motion to Dismiss as ordered by the Court, and consequently the case was dismissed for failure to prosecute on February 14, 2008. Plaintiff's subsequent appeal to the decision to the Third Circuit was denied on November 20, 2008.

Plaintiff now comes, two years after the case was dismissed for failure to prosecute, seeking relief from this judgment.

## II. Discussion
### a. Rule 60(b)

The subsections of Rule 60 cited by Plaintiff provide for relief from a final judgment, order or proceeding for the following reasons:

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (4)-(6).

Plaintiff has advanced no arguments in support of subsection (5) of Rule 60. Accordingly, the Court finds that there is no valid basis for relief pursuant to subsection (5).

Under subsection (b)(4) of Rule 60, "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. Only in the rare instance of a clear usurpation of power will a judgment be rendered void." *Rubin v. Johns*, 22 V.I. 194, 199 (D.V.I. 1986) (citing *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). Moreover "[a] judgment is void . . . only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Union Switch & Signal Div. American Standard Inc. v. United Elec., Radio and Mach. Workers of America, Local 610*, 900 F.2d 608, 612 n.1 (3d Cir. 1990) (citations omitted). Even where "the rendering court lacked subject matter jurisdiction" the judgment is "only "void" within the meaning of rule 60(b)(4) where the court's error was egregious, and no arguable basis for jurisdiction exists." *Gordon v. Monoson*, 239 Fed. Appx. 710, 712, 2007 WL 1451487, at *1 (3d Cir. 2007).

Plaintiff cites in a conclusory manner that "the arbitration agreement is void; therefore, the order dismissing the case based upon plaintiff's failure to arbitrate must also be void." However, the Plaintiff does not argue nor provide evidence that there was a "clear usurpation of power" in the exercise of the court's jurisdiction or that the court acted "in a manner inconsistent with due process of law." *Union Switch and Signal*, 900 F.2d at 612. Therefore, the Plaintiff's argument under 60(b)(4) must fail.[3]

Plaintiff also states that the relief sought herein is necessary to prevent "manifest justice." Although this is the standard commonly articulated under a motion for reconsideration, this can also be a basis under 60(b)(6) since subsection (b)(6) applies as "a catchall provision which

---

[3] Plaintiff, citing 9 U.S.C. § 4, argues that Plaintiff was denied due process of law because there was no hearing prior to the Court order granting Defendant's Motion to Stay Proceedings. However, under 9 U.S.C. § 4, a hearing is available upon request of a party when one of the parties *refuses to arbitrate* pursuant to a written agreement. What is more, Plaintiff never opposed the Motion to Stay. Plaintiff has failed to show she was denied due process of law.

allows a court to relieve a party from the effects of an order for any other reason justifying relief from the operation of the judgment." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (citations and internal quotations omitted). However, "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Id*. (citing *In re Fine Paper Antitrust Litig*., 840 F.2d 188 (3d Cir.1988). Furthermore, "[a] motion made under rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(e)(1). As the Third Circuit has noted, Rule 60(b)(6) is not a substitute for appeal and "must be applied subject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside." *Kock v. Gov't of V. I.*, 811 F.2d 240, 246 (3d Cir. 1987).

In support of Plaintiff's motion for relief, she argues that the arbitration agreement between the parties was unenforceable. However, not once during the course of these proceedings did Plaintiff object to arbitration. Now, after a lapse of nearly five years since the Motion to Stay was granted, Plaintiff advances arguments against arbitration. Moreover, there is no reason to believe that the arguments presented in the Plaintiff's instant motion were not available at an earlier time, either prior to or subsequent to the granting of the Motion to Stay.[4] The Court therefore concludes that no exceptional circumstances warrant relief under Rule 60(b)(6). *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) (finding that no extraordinary circumstances existed to satisfy Rule 60(b)(6) and that the motion was untimely where the plaintiff waited almost two years after the district court's initial judgment and the reason for the attack upon that judgment was available for attack upon the original judgment).

---

[4] Plaintiff presents a laundry list of disparate legal theories in support of this argument: (1) Plaintiff was an at will employee; (2) there was no consideration for the contract; (3) defendant has taken several inconsistent positions in this matter; (4) the plaintiff did not know she was obligated to arbitrate her termination because she did not have a copy of the contract; and (5) the court ordered arbitration without a hearing. All of these arguments were available to Plaintiff at the time the case was dismissed.

### III. Conclusion

Accordingly, for the reasons stated above, Plaintiff's Motion to Reconsider Order Denying Motion to Reopen Case is **DENIED**.

**ENTER**:

Dated: March 30, 2010 _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE